91 N.Y.2d 716 (1998)
697 N.E.2d 589
674 N.Y.S.2d 634
In the Matter of Greater New York Health Care Facilities Association et al., Petitioners, and Lyden Nursing Home et al., Intervenors-Appellants,
v.
Barbara DeBuono, as Commissioner of the State of New York, Department of Health, et al., Respondents.
Court of Appeals of the State of New York.
Argued May 6, 1998
Decided June 11, 1998.
Neiman Ginsburg & Mairanz, P. C., New York City (Marvin Neiman and Betsy R. Malik of counsel), for intervenors-appellants.
Dennis C. Vacco, Attorney-General, New York City (Michael S. Popkin, Barbara G. Billet, Peter H. Schiff and John W. McConnell of counsel), for respondents.
Judges TITONE, BELLACOSA, SMITH, LEVINE and WESLEY concur; Chief Judge KAYE taking no part.
*718 CIPARICK, J.
The question raised on this appeal is whether the claims of proposed intervenors may be related back to the filing date of the original petition, where proposed intervenors are unrelated to petitioners but similarly aggrieved by the administrative action challenged and their claims would expose respondents to additional liability. We conclude that in the circumstances presented here, proposed intervenors' claims do not relate back to the original petition and, consequently, are time-barred and intervention was properly denied.
Petitioners are an association of nursing homes and eight individual nursing homes which provide services compensable under Medicaid. They commenced this CPLR article 78 proceeding in September 1991 challenging the promulgation of regulations by the Department of Health which established Medicaid reimbursement rates applicable to petitioners' facilities.[*] Petitioners also sought an upward revision of their Medicaid reimbursements for the years 1989, 1990 and 1991. Respondents are the Director of the Budget of the State of New York and the Commissioners of the State agencies charged with responsibility for determining rates and reimbursing nursing homes for the care provided to Medicaid patients. Although *719 the caption of the petition purported to sue not only on petitioners' behalf, but also on "Behalf of All Other Similarly Situated Residential Health Care Facilities Throughout the State of New York," petitioners never moved for class certification and, with the exception of one limited reference, never otherwise referred to the class in the petition, sought relief on behalf of the class as a whole or pleaded any of the specific characteristics of class actions. Proposed intervenors are eight nursing homes which are not members of petitioners' association but which were similarly adversely affected by the challenged regulations.
In November 1991, petitioners and respondents stipulated to mark the proceeding off the calendar to await the decision in another proceeding raising the same issue, New York State Health Facilities Assn. v Axelrod (Index No. 2061-90) (the NYSHFA case), then pending in Supreme Court, Albany County. That action was decided in favor of the named petitioners therein and, while an appeal was pending, was settled.
Petitioners and respondents in the instant case commenced settlement negotiations in December 1995, ultimately agreeing to the same settlement terms as the NYSHFA case. By its terms, the settlement was applicable only to timely claims and also included a procedure for resolving timeliness disputes. Upon discovering that they would not be included in the settlement, proposed intervenors moved on December 15, 1995 to intervene in the case. They asserted that, as a result of petitioners' caption, they had been misled into thinking that their rights were being protected.
Supreme Court conditionally granted the motion on an expedited basis in order to preserve respondents' right to certain Federal funding but allowed respondents to move for reargument within 90 days. Upon reargument, the court ruled that intervention was appropriate because proposed intervenors' claims are "very similar to those of the original petitioners [and] * * * there is no showing of any prejudice." The court further held that because proposed intervenors' claims would be deemed interposed as of the date the proceeding was commenced, the claims were not time barred.
On appeal, the Appellate Division unanimously reversed. Noting that proposed intervenors' claims were "indisputably time-barred" (see, New York City Health & Hosps. Corp. v McBarnette, 84 N.Y.2d 194), the Court determined that the propriety of intervention turned upon whether proposed *720 intervenors' claims could properly be related back under CPLR 203 (f) (242 AD2d 211, 213). Because those claims exposed respondents to suits from an unrelated set of claimants and increased respondents' liability under the settlement, the Court concluded that the claims did not relate back. The Appellate Division granted proposed intervenors leave to appeal on the certified question of whether its order was properly made. We answer the certified question in the affirmative, and affirm.
Pursuant to CPLR 7802 (d), a court "may allow other interested persons" to intervene in a special proceeding. This provision grants the court broader authority to allow intervention in an article 78 proceeding than is provided pursuant to CPLR 1013 in an action, which requires a showing that the proposed intervenor's "claim or defense and the main action have a common question of law or fact" (see, Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7802:4, at 295). Permission to intervene in an article 78 proceeding may be granted at any point of the proceeding, including after judgment for the purposes of taking an appeal (id.). However, a party may not avoid a Statute of Limitations bar by moving to intervene in a pending proceeding after the period of limitations has run (see, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 203.30b, at 2-157). Thus, where the proposed intervenor's claim would be barred by the Statute of Limitations, the question arises whether its claim may properly be related back to the filing date of the petition.
Proposed intervenors in the instant case argue that, in the context of an article 78 proceeding, the only relevant question in determining the propriety of relation back is whether they are "interested persons" with a "substantial interest" in the outcome of the proceeding. Proposed intervenors contend that the Appellate Division wrongly relied on joinder or intervention cases under CPLR article 10 and wrongly interposed additional criteria of relatedness and identity of damages. We reject this argument.
It is certainly true that the standard for permissive intervention under CPLR 7802 (d) is more liberal than that provided in CPLR 1013. It is also true that a successful intervenor becomes a party for all purposes and the intervenor's claim will be deemed to have been interposed as of the filing date of the petition. However, intervention cannot be used as a means to revive stale claims. The court must first determine whether the addition of a new party is appropriate. Only after that determination has been made will a proposed intervenor's claim be related back to the filing date of the petition.
*721 We conclude that a party may be permitted to intervene and to relate its claim back if the proposed intervenor's claim and that of the original petitioner are based on the same transaction or occurrence. Also, the proposed intervenor and the original petitioner must be so closely related that the original petitioner's claim would have given the respondent notice of the proposed intervenor's specific claim so that the imposition of the additional claim would not prejudice the respondent. Thus, a stranger could not intervene in a pending proceeding to interpose an otherwise time-barred claim.
We agree with the Appellate Division that the criteria for permitting relation back of proposed intervenors' claims are not satisfied here. First, petitioners and the newly joined intervenors are not closely related parties and, although proposed intervenors are similarly aggrieved by the challenged regulations, their claims of injury are based on different, not identical, transactions. As pointed out by respondents, each nursing home has an individualized reimbursement rate and the injury claimed varies from facility to facility and from year to year. Respondents had no notice of proposed intervenors' particularized claims when they entered into negotiations with the named petitioners who, respondents knew, had protected their rights. Notably, the settlement agreed to by respondents and petitioners was applicable only to timely claims. Permitting intervention in these circumstances would expose respondents to additional liability from entirely separate claimants whose claims were otherwise time barred.
Contrary to proposed intervenors' argument we discern no distinction, for relation back purposes, between a proceeding commenced under article 78 and an action. Proposed intervenors' position, limiting the inquiry in an article 78 proceeding to the interest of the intervening party, would seriously undermine the purpose of the four-month Statute of Limitations. As we have previously emphasized, the relatively short limitation period "requires those subject to regulatory decisions such as Medicaid rate-making to bring their challenges promptly" in order to facilitate rational planning by all concerned parties and "ensures `"that the operation of government [will] not be trammeled by stale litigation and stale determinations"'" (New York City Health & Hosps. Corp. v McBarnette, 84 N.Y.2d 194, 205-206, supra). Thus, while a judicial decision invalidating a governmental regulation will affect the prospective rights of nonlitigants, it will not authorize retroactive relief to persons who might have, but failed, to *722 protect their prior claims (id., at 207). By proposed intervenors' reasoning, litigation of a Medicaid rate regulation by a single nursing home, however lengthy in its duration, would preserve the rights of all nursing homes throughout the State to raise similar challenges despite expiration of the limitations period. Nothing in the principles governing intervention and the relation back doctrine, or in the policies underlying these doctrines, countenances such a result.
Finally, proposed intervenors' reliance on the mere caption of a proceeding, without taking any action to inquire into the status of the matter, does not excuse their failure to protect their own interests.
Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.
Order affirmed, etc.
NOTES
[*] Specifically, petitioners challenged (1) the Retroactive Recalibration Adjustment regulation (10 NYCRR 86-2.31 [a]), that required a "recalibration" of petitioners' Medicaid reimbursement rates for the years 1989, 1990 and 1991 and (2) the Base Reduction regulation (10 NYCRR 86-2.10 [c] [3] [iii]; [d] [4] [ii] [a]), that adjusted petitioners' Medicaid reimbursement rates for the 1989 rate year and thereafter.